HARVEY ALUMINUM (INCORPORATED), Petitioner,

v.

UNITED STEELWORKERS OF AMERICA, AFL–CIO, Respondent.

No. 66–1426.

United States District Court
C. D. California.

Jan. 3, 1967.

Gibson, Dunn & Crutcher, by William F. Spalding and William H. Lear, Los Angeles, Cal., for petitioner.

Arnold, Smith & Schwartz, by Jerome Smith and Nathan Lipson, Asst. Gen. Counsel, United Steelworkers of America, AFL–CIO, Los Angeles, Cal., for respondent.

MEMORANDUM OPINION AND ORDER GRANTING MOTION TO VACATE ARBITRATION AWARD AND REMAND TO ARBITRATOR FOR RE-HEARING.

CRARY, District Judge.

Respondent United Steelworkers of America, AFL–CIO, on September 1, 1966, removed to this court petition of Harvey Aluminum (incorporated) to vacate Award of Arbitrator. The removal was pursuant to the provisions of Title 29 U.S.C. § 185(a) and 28 U.S.C. § 1446. The Opinion and Award of the Arbitrator, Mr. Spencer Pollard, are dated July 26, 1966, and the Award states that Mary Jaramillo, an employee of petitioner, "did not engage in strike misconduct."

Petitioner seeks vacation of the Award on the grounds that the Arbitrator refused to permit witness Officer Gottesman, one of the two Police Officers who witnessed the alleged rock throwing incident involved, to complete his testimony at the arbitration hearing and refused to consider the testimony of witness Gottesman in arriving at the Award made therein. Officer Gottesman was called by petitioner after the respondent had rested its case as to the alleged rock throwing by Mary Jaramillo during a strike at petitioner's plant on April 17, 1965.

Petitioner had imposed a disciplinary penalty, namely, discharge, on Mary Jaramillo in accordance with the provisions of Section 9 of the written agreement dated September 15, 1965, between the parties hereto, and respondent demanded arbitration as provided in the agreement. The only issue involved was whether Mary Jaramillo had engaged in strike misconduct.

Petitioner urges that the witness Gottesman was properly called as a rebuttal witness at the arbitration hearing. Over respondent's objection, that the evidence was cumulative and not proper rebuttal, Officer Gottesman was allowed to testify in part on direct examination (Tr. 131–152) and was cross-examined by counsel for respondent (Tr. 153–164). Direct examination was not completed (Tr. 146, L. 14–16) and no re-direct was allowed (Tr. 163, L. 10 to L. 12, 164).

The Arbitrator states in his Opinion that he disregarded in its entirety the testimony of Officer Gottesman because, in the opinion of the Arbitrator, Officer Gottesman should have appeared as a part of petitioner's "principal case" and that his appearance as a rebuttal witness was not timely. On page 2 of his Opinion the Arbitrator observes:

> "By way of explanation of this ruling, it is the view of the Arbitrator that orderly procedure in arbitration requires each party to present the whole of its case-in-chief before it rests. If part of the principal case of a party is reserved and put on ostensibly as rebuttal, then the other party may request to re-open its case in order to meet the additional testimony, and a kind of ping-pong procedure may ensue which is confusing. Assuming that a prime purpose of the arbitration is to convey to the arbitrator as clear an idea as possible of the facts and arguments in the case, the method of whole presentation will serve this end and the method of incomplete presentation to be completed as rebuttal will not."

Petitioner asserts that Officer Gottesman was an impeaching witness properly called on rebuttal and that by refusing to permit the witness to testify in full and consider his testimony as evidence in the matter, the Arbitrator had refused to hear evidence pertinent and material to the dispute, in violation of the provisions of Section 1286.2, California Code of Civil Procedure, and Title 9 U.S.C. § 10(c), resulting in prejudice to the rights of the petitioner and denial to the petitioner of a fair hearing.

Respondent's motion for summary judgment was, after hearing thereof, denied on October 31, 1966. Hearing on the motion to vacate was held on November 29, 1966, and evidence both oral and documentary was received by the court.

Counsel for petitioner, Mr. Tallent, states, among other things, in his affidavit in support of petitioner's opposition to respondent's motion for summary judgment (1) that at the start of the arbitration hearing on June 14, 1966, he said that the company might choose to use more than one witness and that it had more than one witness present (Tr. 4, Tallent affidavit, pg. 1, line 30–32), and (2) that in a previous arbitration between petitioner and respondent wherein the same counsel in the instant case had also represented the parties, he, Mr. Tallent, had testified as a rebuttal witness "for precisely the same purpose" as he sought to use Officer Gottesman in the Jaramillo hearing, without any objection by Mr. Lipson, counsel for respondent (Tallent affid., pg. 4, line 7–24). These statements in the affidavit conformed to Mr. Tallent's testimony at the hearing on the petition to vacate the Award. Mr. Lipson also filed an affidavit in support of respondent's motion for summary judgment. The testimony at the hearing was conflicting with respect to the statements of Mr. Lipson in paragraphs 5, 6 and 7 of his affidavit.

■ It is well established that rules of evidence as applied in court proceedings do not prevail in arbitration hearings. The Supreme Court of California in Sapp v. Barenfeld, 34 Cal.2d 515, 212 P.2d 233 (1949), denied a petition to vacate an arbitration award on the grounds that the complaining party had made no attempt at the hearing to produce the evidence which it later argued that the arbitrator had failed to consider.

At page 520, 212 P.2d at page 237, the court stated:

"It has never been the law that arbitrations are subject to all rules of judicial procedure save those relating to the form of questions. 'The essence of arbitration is its freedom from the formality of ordinary judicial procedure.' Canuso v. City of Philadelphia, 326 Pa. 302, 307, 192 A. 133, 136. All relevant evidence may be freely admitted and rules of judicial procedure need not be observed so long as the hearing is fairly conducted. The hearing may be in the nature of an informal conference rather than a judicial trial."

██ The rules of the American Arbitration Association are not binding upon arbitrators but do set guidelines as to hearing procedures. Rule 28 concerns "evidence" and states in part:

"28. Evidence.—The parties may offer such evidence as they desire and shall produce such additional evidence as the Arbitrator may deem necessary to an understanding and determination of the dispute. * * * The Arbitrator shall be the judge of the relevancy and materiality of the evidence offered and *conformity to legal rules of evidence shall not be necessary.*" [Emphasis added.]

Arbitrator Aaron of UCLA Law School observes in his article, "Some Procedural Problems in Arbitration", 10 Vand.L.Rev., 739, 743–744 (1957):

"The contrast between the objectives and procedures of an arbitration hearing and those of a law suit has been so generally noticed by arbitrators, lawyers, and laymen that one is puzzled by the ubiquity of certain procedural arguments in arbitration. Of these, surely the most senseless is the dispute over which side should proceed first. An insistence that the other side has the burden of going forward implies a plaintiff-defendant relationship in which the former must set up a prima facie case before the latter is obligated to respond. But this concept is plainly inapplicable to an arbitration proceeding. As an extension of the grievance procedure, an arbitration hearing serves many purposes, not the least of which is to give the grievant the satisfaction of knowing that the other party has been compelled to account for its conduct before an impartial third person. * * *

"Despite the generally accepted principle that arbitration procedures are necessarily more informal than those of a court of law, objections to evidence on such grounds as that it is hearsay, not the best evidence, or contrary to the parol evidence rule, are still frequently raised in ad hoc arbitration. To the extent that these and similar objections are intended to exclude the proffered evidence, they generally fail. *The arbitrator is interested in getting all the relevant facts he can; his principal objective is to render a viable decision, and any information that adds to his knowledge of the total situation will almost always be admitted.*" [Emphasis added.]

No evidentiary rules were announced prior to the hearing by the Arbitrator nor are there any provisions as to rules or law re evidence or procedure to be applied set forth in the agreement between the parties providing for grievance-arbitration proceedings.

Had the arbitration hearing here involved been a trial in a court of law, the court, on the question of propriety of admission of evidence on rebuttal having been raised and objection sustained, would have expected the party offering the evidence in question to have made an offer of proof as to the allegedly admissible evidence and if denied, to have made a request to re-open its case. However, we are constantly cautioned by the parties and the authorities that the rules of evidence do not apply to an arbitration hearing, at least unless there is some provision for evidentiary procedure to be followed in the written agreement or by the Arbitrator. Respondent argues that the Arbitrator is not *bound* by rules of evidence does not mean that

he *must not* follow such rules. The court does not conclude from the authorities that it would be fair to preclude material evidence based on some technical rule of evidence without some warning that the rules of evidence or some portion thereof would be followed in the arbitration hearing.

There is controversy between counsel for the parties as to what was said in their "off-the-record" discussion noted at line 26, page 61, of the transcript of the arbitration hearing. Mr. Lipson testified at the hearing on the petition to vacate the Award that Mr. Pollard, the Arbitrator, was present and listened to the off-the-record discussion between counsel. It would appear that the Arbitrator could well have testified re whether any discussion was had as to the evidentiary procedure to be followed and what it was, out neither party saw fit to call Mr. Pollard.

Counsel in the case at bar had represented the parties in a similar arbitration re misconduct of another employee of the petitioner two or three months prior to the instant matter in which, it appears from the evidence, there was involved a similar use of a witness by petitioner after the respondent had rested its case. The same was true in other arbitration hearings prior to our case in which the petitioner was represented by the same counsel and the respondent by associates of Mr. Lipson. If prior experience warranted, it would seem appropriate for counsel for the respondent herein to have stated his problem to Mr. Pollard at the outset of the hearing and sought a determination of the evidentiary procedure to be followed by the Arbitrator, which would have been appropriate in the circumstances. Petitioner would then have known what to expect and would have been governed accordingly.

The court concludes, in reviewing the situation presented, that it is concerned with the rights of the respective parties who are presenting their sides of the case, not the niceties of the rule of evidence with respect to rebuttal which was so strenuously argued by counsel. This the court believes should be true particularly where there was no announcement that the rules of evidence or any portion thereof would apply.

■ Although, as noted above, the rules of the American Arbitration Association are not binding on the parties or the Arbitrator, they do set forth what the parties, when entering into an agreement providing for grievance-arbitration procedure, can expect in the way of their right to present all of their side of the case without regard to the rules of evidence governing court proceedings. The court concludes that both parties have the right to assume that any arbitration hearing in which they may become involved, pursuant to their agreement, will afford them the opportunity of presenting *all* of their material evidence and *that the Arbitrator, before closing the hearing, will inquire of all parties whether they have any further proofs to offer or witnesses to be heard.* Rule 31 of American Arbitration Association.

Since rules of evidence are not to be applied, it does not follow that the court should conclude that the right of the petitioner herein to introduce the pertinent testimony of Officer Gottesman should turn on the issue of whether such testimony was proper rebuttal in the circumstances, and this is true although the arbitration proceeding does require a degree of formality, though not that required in courts of law. Shulman, Reason, Contract, and Law in Labor Relations, 68 Harv.L.Rev., 1016–1017 (1955). At page 1017 of his article, Dean Shulman states with regard to rules of procedure in arbitration hearings:

"Rules of procedure which assure adequate opportunity to each party to prepare for and meet the other's contentions, or rules designed to encourage full consideration and effort at adjustment in the prior stages of the grievance procedure may be quite desirable. But they should not be such as to prevent full presentation

of the controversy to the arbitrator before he is required to make final decision. For that would not only limit his resources for sound judgment, but would tend also to create dissatisfaction with the system."

No one questions that the parties have the right to introduce material and pertinent evidence. The testimony of Officer Gottesman was such evidence. It was precluded as not proper rebuttal and because it was not offered as a part of the petitioner's case in chief. The court is now confronted with the question of whether, in the circumstances, the petitioner had a fair hearing.

 Error of law on the part of the Arbitrator would not warrant vacation of the Award. It follows that although the testimony of Officer Gottesman be deemed proper rebuttal, that would not be grounds for the relief sought by petitioner.

 Whether there was a fair hearing is another matter. The refusal by the Arbitrator to hear all of the testimony of Officer Gottesman or to consider his testimony in making his Award turned on a rule of evidence which the court concludes should not have been binding on petitioner in the absence of some warning by the Arbitrator as to the evidentiary rules to be followed. The failure to receive and consider the material and pertinent testimony in the circumstances appears to have denied to the petitioner a fair hearing. Although the refusal to hear or consider the testimony of Officer Gottesman be assumed correct as not being proper rebuttal under the rules of evidence, since such rules are not to apply, the refusal to hear and consider the pertinent and material evidence also reflects an unfair hearing in violation of Title 9, United States Code, § 10(c).

Respondent says that in approximately 99% of all arbitration cases the parties are represented by non-attorneys. The fact that the parties in the instant matter are represented by lawyers should not alter their rights to offer all

material evidence at the hearing unless the Arbitrator made known the fact he would follow certain evidentiary procedure, which was not complied with by a party.

The respondent urges that the Arbitrator did not refuse to hear evidence pertinent or material to the controversy but "rather *insisted upon compliance with the simple rules applied uniformly in court proceedings with respect to order of case procedure.*" [Emphasis added.] (Respondent's authorities in support of motion for summary judgment, page 3, line 27–31.)

Had the Arbitrator announced at the commencement of the hearing that since both sides were represented by lawyers he would expect them to comply with the rules applied uniformly in court proceedings or stated other evidentiary rules he would apply, the petitioner would be in a different position.

 The courts, of course, have no business weighing the merits of the grievance or reviewing the merits of an arbitration Award. Findings of the Arbitrator as to the facts or his interpretation of the law are not to be questioned by the court and obvious error in either is not grounds for vacating the Award *if* there has not been refusal to hear pertinent and material evidence *and* the hearing has been fair. San Martine Compania de Navegacion v. Saguenay Terminals Limited, 293 F.2d 796, 800–802 (9 C.A.1961); and Philadelphia Dress Joint Board v. H. H. Rosinsky & Co., 134 F.Supp. 607, 612 (D.C.E.D. Pa., 1955).

In Central Packing Co. of Kansas, Inc. v. United Packinghouse Workers of America, 195 F.Supp. 188 (D.C.Kan., 1961), the court, at page 192 of its opinion, states:

"A reasonable construction of any collective bargaining agreement is that the parties intend the arbitrators of their grievances to adjudicate within some procedural rubric. Although it was agreed that the arbitration decisions were to be final and binding up-

on the parties, implicit in such an agreement was the concept of decisions reached by a fair means."

To repeat, the issue before the court in the instant case is did the Arbitrator consider all the pertinent and relevant evidence offered in arriving at his Award and was the hearing from an over-all concept fair to both parties, not whether the testimony of Officer Gottesman was or was not proper rebuttal, or whether the respondent did or did not throw a stone. Ficek v. Southern Pac. Co., 338 F.2d 655, 657 (9 C.A.).

█ █ Properly posed is the question of whether a hearing which allowed the petitioner to offer as rebuttal evidence testimony which was only cumulative, would be fair to the respondent. Admission of such evidence would not be fair if the petitioner had been on notice that the rules of evidence were to apply or the Arbitrator had announced evidentiary rules to be followed, under which such evidence would have been precluded if not offered as a part of the petitioner's case in chief. Although the introduction of cumulative evidence by the petitioner after the respondent concluded her case would not be fair to respondent if the Arbitrator had prescribed rules precluding same, this conclusion would appear to follow *only* if the rules of evidence as to rebuttal were applied, because it is well established that arbitration proceedings are informal in nature and that all material and relevant evidence is to be admitted and considered by the Arbitrator for what it may be worth.

There are exhibits and testimony received at the hearing on the motion to vacate which establish that in three prior arbitration hearings involving the within petitioner and the same strike, testimony of witnesses of petitioner, called after the respondent had rested his or her case, was admitted without objection except in the Matter of Anaya where the same objection was overruled. As stated above, in those matters the respondent Union was represented by home office lawyers of the Union, of which Mr. Lipson was one, and the witnesses called, as noted above, testified to substantially similar facts as the petitioner's witnesses in its case in chief. Matter of Cordova, April 21, 1966, petitioner's Exs. 3 and 4; Matter of Anaya, April 11, 1966, in which Mr. Lipson represented respondent, Exs. 5 and 6; and Matter of Argenta, May 3, 1966, Exs. 7, 8, 9, 10 and 11.

When Mr. Lipson raised the specific issue as to rebuttal testimony in a subsequent hearing in the matter of Bertha B. Myers, had on November 15, 1966, in which Mr. Tallent appeared for the petitioner, the Arbitrator, Mr. Block, in that hearing observed:

"Mr. Block: Mr. Lipson, I think you are urging the procedure to be followed that is not customarily followed or adhered to by most arbitrators and certainly not by this arbitrator. It has always been my view, and I think a view shared by most arbitrators with whom I am familiar, that the basic purpose of an arbitration hearing is to make certain that both parties are permitted to set before the arbitrator all the facts that have a bearing on the issue, not being particularly concerned whether it is labeled as coming in under the case in chief or rebuttal. So that when that question has arisen in the past I have not been overly concerned with the particular sequence, except that I think in terms of following orderly procedure I would urge the Company to put on its complete case as it sees it in chief but I certainly would not consider either the Company or the Union estopped from adding later evidence or testimony or documents, as the case may be, if it felt that such material was important to the ultimate decision in the case." (Ex. 12, pg. 4, line 22 to line 13, pg. 5.)

Again at page 75, lines 1 to 11, of Exhibit 12, the Arbitrator stated:

"Mr. Block: All right. Let's have it out now. Let me tell you what my

practice has been in conducting a fairy sizeable number of arbitrations. Generally after each side has rested and just before the hearing is closed, I normally turn to counsel on each side and ask them if there is anything further. If they feel that there is anything further that might have been overlooked or whatever, then I let it come in. I am not concerned with affixing a label as to whether or not it's rebuttal or case in chief. I don't see any real reason for departing from that procedure in this case."

This procedure conforms to Rule 31 of the Rules of the American Arbitration Association.

Certainly no party to an agreement providing for grievance-arbitration proceedings would be of the opinion it had received a fair hearing in a proceeding in which one of its eye witnesses to the incident involved was not allowed to testify or wherein his testimony was disregarded. Arbitration is encouraged by both state and federal governments. If employers and unions concerned are to engage in agreements providing for arbitration, they must have complete confidence in the proceeding. The denial of admission of material evidence on the grounds it was not proper rebuttal would be of no solace to the losing party who had been given to understand that arbitration hearings were informal proceedings not governed by the rules of evidence applied in court trials.

This does not mean that the Arbitrator may not insist on orderly proceeding but it does not appear that legalistic technicalities are to prevail or control particularly where no statement of ground rules for the hearing is made by the Arbitrator in the initial stages. Likewise, the fact one's lawyer did not offer the testimony of an important witness at the proper time is little consolation to the party who might suffer. He knows that the hearing must be fair and certainly the party should not be penalized.

The Code of Ethics for Arbitrators, adopted by the American Arbitration Association, provides:

"The Arbitrator should allow a fair hearing, with full opportunity to the parties to offer all evidence which they deem reasonably material. He may, however, exclude evidence which is clearly immaterial."

In determining the next step to be taken in this matter, it is important to consider the need to bring arbitration proceedings to a conclusion as soon as reasonably possible. Such must be accomplished if disenchantment with arbitration in general is to be avoided.

Petitioner cites Sections 1286.2, 1287 and 1288 (before 1961 Amendment) of the California Code of Civil Procedure, as authority for the remanding of the case to a new Arbitrator for re-hearing. It appears to the court that Mr. Pollard, who has heard all of the evidence to date, is the logical one to hear further evidence in accordance with the within Opinion and Order. The Opinion of Judge Learned Hand in Hyman v. Pottsberg's Ex'rs, et al., 101 F.2d 262, 266, (2 C.A. 1939), appears to support the court's conclusion in this regard.

For the reasons set forth above, it is hereby ordered, adjudged and decreed that the petition to vacate the Award herein is granted. The matter is remanded to Arbitrator Pollard for the taking of the testimony of Officer Gottesman, which the court finds to be pertinent and material, and such other evidence, if any, as the Arbitrator may deem appropriate in the circumstances, and the making of such Award as he deems proper after consideration of all the pertinent and material evidence.

The above Memorandum Opinion shall be deemed compliance with any Findings of Fact and Conclusions of Law that may be required under the provisions of Rule 52, Federal Rules of Civil Procedure.