SHOPPING CART, INC.

v.

AMALGAMATED FOOD EMPLOYEES LOCAL 196.

Civ. A. No. 72-443.

United States District Court, E. D. Pennsylvania.

Oct. 31, 1972.

Michael H. Egnal, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, Shopping Cart, Inc., filed the present action seeking to vacate the award of an arbitrator and to remand the controversy for a hearing de novo.[1] It claims that the refusal of the arbitrator to hear testimony of a handwriting expert one week after the hearing denied it a full and fair hearing. Both sides have moved for summary judgment.

The present case arose out of a dispute between Shopping Cart and defendant, Amalgamated Food Employees Local 196, concerning the dismissal of an employee, Dorothy Malampy, a member of defendant union. The employee was dismissed for falsifying reports and stealing cash in her capacity as head cashier. The union invoked the grievance procedure of the collective bargaining agreement which provides for arbitration when there is a dispute over the justification for discharge of an employee.

The company and the union concurred in the selection of Professor Alexander H. Frey of the University of Pennsylvania Law School as arbitrator in accordance with the collective bargaining agreement. A hearing was held on December 29, 1971, at which time both sides presented testimony. One week after the hearing, on January 6, 1972, counsel for Shopping Cart, in a letter to the arbitrator, requested that the hearing be reopened to hear the testimony of a handwriting expert. There were several subsequent letters with similar requests by counsel for Shopping Cart. Professor Frey refused to hear such testimony on the grounds that the hearing had provided ample opportunity for each side to present a case. On February 15, 1972, the arbitrator made an award in favor of the union, ordering that plaintiff reinstate the employee without loss of seniority and with full back pay.

1. This action was originally filed in the Court of Common Pleas of Philadelphia County but was removed to this Court by defendant. *See* Memorandum and Order, May 2, 1972.

The present action seeks a review of the arbitrator's refusal to hear testimony of a handwriting expert. The only issue is whether the refusal to hear such evidence, offered after the hearing was held, was such an abuse of the arbitration procedure as to require a court to compel the reopening of arbitration.

■ The collective bargaining agreement in the present case provides for arbitration in which the decision of the arbitrator will be final and binding. Arbitration in labor matters is a very important element in national labor policy. *See* Boys Markets, Inc. v. Retail Clerk's Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); Avco Corp. v. Local Union No. 787, United Automobile Workers of America, 459 F.2d 968 (3 Cir. 1972). A court's review of labor arbitration proceedings is very limited in scope. It is clear that a reviewing court is not to weigh the merits of the claim or to search for errors of law, but should only determine whether the award was arbitrary or whether the arbitrator exceeded his authority. Local 234, Transp. Workers Union v. Philadelphia Transp. Co., 283 F.Supp. 597 (E.D.Pa. 1968). The reviewing court should consider whether the arbitrator acted in such a manner as to deprive the appealing party of a fair hearing. Harvey Aluminum, Inc. v. United Steelworkers, 263 F.Supp. 488 (C.D.Cal. 1967).

Plaintiff contends that the United States Arbitration Act, 9 U.S.C. § 1 et seq., governs the present action. Specifically, the employer claims that vacation of the award is proper because the arbitrator violated 9 U.S.C. § 10(c) when he refused "to hear evidence pertinent and material to the controversy."[2] The use of this standard to review labor arbitration is proper. Local 234, Transp. Workers Union v. Philadelphia Transp. Co., *supra*; Harvey Aluminum, Inc. v. United Steelworkers, *supra*.

■ Defendant union, however, contends that the decision of the arbitrator not to reopen the hearing is merely procedural. It claims that such questions are not subject to court review under John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). In *Wiley* the Court held that it was for the arbitrator alone to decide whether the failure of the union to follow the grievance procedure step-by-step deprived the arbitrator of power to hear the grievance. Such a "procedural" matter is very different from a claim that the plaintiff was denied a fair hearing because of the arbitrator's refusal to hear material testimony. *See* Local 234, Transp. Workers Union v. Philadelphia Transp. Co., *supra*, 283 F. Supp. at 600. To label this claim "procedural" and dismiss it without more consideration would be to rely on form alone and not to focus on the interests involved.

■ Plaintiff contends that it was denied a fair hearing because of the refusal of the arbitrator to reopen the hearing and receive the testimony of a handwriting expert. There is no contention that plaintiff was denied the opportunity to present any evidence or testimony at the hearing on December 29, 1971 as was done in Harvey Aluminum, Inc. v. United Steelworkers of America, *supra*. The transcript of the hearing indicates that Shopping Cart closed its case after presenting seven witnesses, and then recalled one in rebuttal, but that it never indicated that it desired to put on further evidence at a later date. This fact distinguishes the present case

---

**2.** 9 U.S.C. § 10 provides in relevant part that:

"In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration— . . .

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."

from Smaligo v. Fireman's Fund Ins. Co., 432 Pa. 133, 247 A.2d 577 (1968), in which counsel made an offer at the hearing to present further testimony. There is no doubt that plaintiff received a fair hearing on December 29, 1971.

The issue remains whether the refusal of the arbitrator to hear testimony of a handwriting expert first offered one week after the hearing denied plaintiff a fair hearing because it excluded pertinent and material evidence. There can be little doubt that if a handwriting expert's testimony had been offered at the hearing the arbitrator would have been required to hear it. The arbitrator, however, concluded that in this case the hearing had been closed and he would only reopen it with the parties' mutual consent. In his correspondence the arbitrator stressed that both sides had had the opportunity to present all relevant evidence at the hearing, and that plaintiff was only seeking to introduce evidence which it had purposely withheld at the hearing. The arbitrator was concerned with the necessity of completing the arbitration procedure and not permitting it to drag on indefinitely.

The arbitrator's concern is a valid one. Arbitration is meant to be a quick, peaceful method of settling employer-employee grievances without undue disruption. See Boys Markets, Inc. v. Retail Clerk's Union, Local 770, *supra*, 398 U.S. at 249, 90 S.Ct. 1583, 26 L.Ed.2d 199. It is certainly necessary that arbitration hearings be considered closed at some time so that the arbitrator may decide the case.

In the present action a reading of the transcript indicated that the hearing on December 29 was considered closed and complete. It would also appear that the arbitrator was correct in his view that the employer's decision to forego expert

handwriting testimony was conscious and deliberate. Plaintiff's questioning of Mrs. Malampy was directed from the beginning at alleged similarities between the discharged employee's admitted writings and the alleged forgeries. This, of course, is exactly the stuff of which expert handwriting testimony is made. Plaintiff's claim of surprise is difficult to accept.

A significant factor in deciding whether the arbitrator improperly refused such testimony is the fact that plaintiff never proffered what the testimony of such an expert would be. When plaintiff's counsel first suggested such testimony, he proposed that either the arbitrator or the parties appoint an expert to testify. Shopping Cart never informed the arbitrator that it had retained a handwriting expert who would testify that the figures in question were forged by Mrs. Malampy.[3] Without a more definite proffer by plaintiff the arbitrator could reasonably conclude that the testimony might not be pertinent and material as required by 9 U.S.C. § 10(c) since it might be favorable to either side or entirely inconclusive.

While we do not hold that an arbitrator may always decline to hear testimony offered after the close of the hearing, we will not reverse the arbitrator in this case. Plaintiff had a full opportunity to present evidence at the hearing; it knew or should have known that testimony of this type would be relevant; it sought no continuance of the hearing for the purpose of producing such testimony; and it failed to make a proffer of what the testimony would show. This court is aware of its limited scope of review. Under the facts and circumstances of this case we cannot find that the arbitrator was guilty of misconduct that deprived plaintiff of a fair hearing.

3. At argument on these cross-motions for summary judgment, plaintiff's counsel could actually only speculate as to the testimony of any expert whom he might produce since the materials had not yet been submitted to an expert for analysis.