**LOCAL UNION NO. 251, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiff-Appellee,**

v.

**NARRAGANSETT IMPROVEMENT COMPANY, Defendant-Appellant.**

**No. 74–1157.**

United States Court of Appeals, First Circuit.

Submitted Sept. 9, 1974.

Decided Sept. 24, 1974.

---

Patrick A. Liguori and Adler, Pollock & Sheehan Inc., Providence, R.I., on brief for appellant.

Dennis J. Roberts, II, and Roberts & Willey Inc., Providence, R.I., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This appeal stems from confirmation by the district court of an arbitration award pursuant to 29 U.S.C. § 185 (1970) and 9 U.S.C. § 9 (1970). The appellant contends that the district court erred in ruling that no grounds for vacating the award existed under 9 U.S.C. § 10 (1970).

Arbitration is the final dispute-resolving mechanism in the collective bargaining agreement between Narragansett (the company) and its employees. This dispute arose out of the discharge of a truck driver after a heated argument with his supervisor. The employee contended that his discharge lacked just cause and therefore violated the collective bargaining agreement. The company claimed that the employee was discharged because he had an excessive accident record and was otherwise delinquent, and that he had in fact been discharged on two previous occasions. It put forward some partially contested evidence at the arbitration hearing with regard both to the accident record and the previous discharges. In his award, the arbitrator stated that the accident record had not been stressed as a reason for the discharge until the hearing. He also stated regarding the contested dis-

charges that company records verified only one such incident, that that incident was a threatened rather than actual discharge, that that warning had occurred over two years ago, and that "warnings of this type are usually nullified after such a period of time." The arbitrator concluded that the driver was discharged for the verbal altercation with his supervisor and for threatening him with a steel pipe. The arbitrator held this to be justification for disciplinary layoff but not "just cause" for discharge, and therefore ordered reinstatement. When the company did not reinstate the employee, the union sought confirmation of the award in the district court.

The company's answer affirmatively alleged grounds for vacating the award. At the arbitration hearing the company had sought a postponement to present further testimony about the previous discharges and the accident record. No reason for such a postponement seems to have been offered the arbitrator, nor was one voiced below. The arbitrator denied the request, and the company sought to have his award vacated on the ground that the refusal constituted "misconduct" within the meaning of 9 U.S.C. § 10(c).* The district court confirmed the award, and the company appeals.

■■ The district court did not err. Congress has carefully limited the scope of judicial review of arbitration awards. Where judicially enforceable arbitration is agreed to and confirmation of the award is sought, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed

---

\* Section 10 authorizes a district court to vacate an award

"(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption in the arbitrators . . . .

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any

other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10 (1970).

In addition to its § 10(c) claim, the company also adduced arguments for vacating the award based on §§ 10(a), 10(b), and 10(d), but those arguments are wholly without merit.

in sections 10 and 11 of this title." 9 U.S.C. § 9 (1970). The courts are precluded from considering factual or legal issues which are by voluntary agreement made the subject of arbitration. Judicial intrusion is restricted to extraordinary situations indicating abuse of arbitral power or exercise of power beyond the jurisdiction of the arbitrator. Transport Workers Union v. Philadelphia Transp. Co., 283 F.Supp. 597 (E.D. Pa.1968). The burden is on the party challenging the arbitral award to establish substantially more than an erroneous conclusion of law or fact. Saxis Steamship Co. v. Multifacs Int'l Traders, Inc., 375 F.2d 577 (2d Cir. 1967).

■ The appellant attempts to meet this burden by arguing that under § 10(c) the failure to postpone and the resulting exclusion of allegedly material and relevant evidence rise to the level of unfairness or misconduct. While a postponement and the subsequent reception of additional testimony might have provided some support for the company's claims, deprivation of this possibility alone does not constitute misconduct under § 10(c). In a case in which the disciplinary record of an employee is at issue in determining whether good cause for discharge existed, it is not misconduct for an arbitrator to discount disputed oral testimony and to rely more heavily on the fact that the previous charges against the employee were not sufficiently substantiated in the company records. Moreover, even if the proposed testimony were necessary to decide an issue, the company does not appear to have given any explanation as to why a postponement was necessary to assure a fair proceeding. There has been no assertion of surprise by the company, and the arbitrator stated that the company apparently knew its records were not specific enough to provide confirmation of all the charges. Nor is there evidence that the proposed witnesses were unavailable at the time of the hearing. The basic purpose of arbitration is to dispose of disputes without excessive delay and expense. The arbitrator's refusal to countenance a delay here was within his discretion and did not deprive the company of a fair proceeding.

■ To support its view the company cites Harvey Aluminum v. United Steelworkers of America, 263 F.Supp. 488 (C.D.Cal.1967). That case in no way establishes that determinations of relevance or materiality are reviewable by the court. It holds, rather, that an arbitrator cannot exclude relevant evidence on a material issue on the basis of purely technical procedural rules of which the parties have not been apprised. The company also cites Shopping Cart, Inc. v. Food Employees, Local 196, 350 F. Supp. 1221 (E.D.Pa.1972), to support its position. In that case the arbitrator refused to reopen the hearing to allow the employer to present evidence from a handwriting expert to support its claim that the discharged employee had falsified reports and stolen cash. It was held that the arbitrator's action did not deny the employer a fair hearing, because the employer had a full opportunity to present evidence at the hearing, the employer knew or should have known that expert testimony would be relevant, the employer sought no continuance of the hearing, and no proffer was made of what the testimony would show. The instant case involves the same considerations, except that the company sought a postponement from the arbitrator. That difference is insignificant, however, because the company knew or should have known it would have to support its discharge of the truck driver at the arbitration hearing. Far from supporting appellant's claim, *Shopping Cart* indicates the weakness of appellant's position.

■ Appellant's position in this case reduces to a claim that it is entitled to a postponement merely by asking for it. Such a view is obviously unacceptable. We reiterate that we are disinclined to tolerate frivolous delay in labor disputes. NLRB v. Smith & Wesson, 424 F.2d

1072 (1st Cir. 1970). The district court order is affirmed, and pursuant to FRAP 38 we award the union, in addition to its regular costs, reasonable counsel fees for this appeal.