In the Matter of HUTCHINS CONSTRUCTION CO., INC.

v.

CONRAD BELL, JR.

Civil No. 75-502

District Court of the Virgin Islands

Div. of St. Croix

July 31, 1975

MERWIN, ALEXANDER & O'BRIEN, ESQS. (DAVID V. O'BRIEN, of counsel), Christiansted, St. Croix, V.I., *for plaintiff*

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

The instant action comes before this Court on a motion to confirm an arbitration award. An arbitration hearing was held in this matter on March 5, 1975, at which Charles

D. Baldwin and John F. James served as arbitrators. After having taken the matter under advisement for a period of time, the arbitrators rendered detailed Findings of Fact and awarded the contractor, Hutchins Construction Co., Inc. ("Hutchins"), the sum of $8,201.23 against the owner, Conrad Bell, Jr. ("Bell"). In a memorandum of law in opposition to Hutchins' motion to confirm the award, Bell has indicated his objection to the arbitrators' findings.

Bell's only substantial contention is that the arbitrators exceeded their powers in refusing to reopen the proceeding to consider matters discovered by Bell subsequent to the March 5th hearing. This refusal, the argument continues, constitutes an arbitrary and capricious violation of the arbitrator's duty to decide *all* claims and disputes arising under the two contracts and has consequently denied Bell a fair hearing. Although a claim that the arbitrators have wrongfully refused to reopen a hearing for new evidence has been held to assert more than a procedural right (see Shopping Cart, Inc. v. Amalgamated Food Emp. Local 196, 350 F.Supp. 1221, 1223 (E.D. Pa. 1972)), there is no need for this Court, in assessing such contention, to recount at length the arbitrators' substantive findings of fact.

■ Initially, I am not convinced that the evidence to which Bell refers in his memorandum was newly discovered in the sense that it was not available to his counsel at the hearing on March 5. Moreover, the affidavit of arbitrator John James, which remains unchallenged in the record by any counteraffidavit, suggests actions on the part of the arbitrators which are entirely consistent with full disclosure of the facts not only at the hearing but for a reasonable time thereafter. Following the six-hour March 5th hearing, the arbitrators announced that each party would have two days to submit any additional memoranda.

The next day, on March 6, counsel for Bell asked that the time limit for submissions be extended to March 24. The request was granted, but nothing was filed on behalf of Mr. Bell within the additional time. A subsequent request by Bell's counsel to reopen the hearing to present additional evidence was not stipulated to by opposing counsel and was thus denied by the arbitrators.

 What Bell ignores in his allegations of arbitrariness on the part of the arbitrators is that an arbitrator, like a Judge, has considerable latitude in determining whether or not to reopen an arbitration hearing. See Shopping Cart, Inc. v. Amalgamated Food Emp. Local 196, supra. Arbitration, in order to be effective, must be an expedient means of settling disputes arising out of construction contracts. See Boys Market v. Clerks Union, 398 U.S. 235, 249 (1970). Therefore, the effectiveness of such a proceeding oft times demands that the hearing be called to a close, so that the arbitrator can render a timely decision. It is clear that following the March 5th hearing, both parties considered the matter complete. Bell had a full opportunity to present evidence at the hearing and also could have supplemented that presentation by the subsequent submission of written memorandum to the arbitrators. No such submission was undertaken. As heretofore suggested by this Court, the purportedly "new" evidence which Bell now seeks to introduce is of the type which his counsel might have foreseen would have been relevant at the original hearing.

Couched within Bell's contentions that the arbitrators erred in not reopening the hearing is an attempt to reargue the case on the merits. In response to this attempt, I can only state that the decision to disallow the owner's claim for a setoff was amply justified in the report. The arbitrators found that whatever sums to which the owner may have been entitled by setoff could not be determined,

due to the owner's summary stopping of the construction. Additionally, Bell's action in terminating the contract prevented Hutchins from exercising its contractual right to correct the workmanship on the project. The poor quality of the contractor's work and lack of supervisory personnel at the construction site were taken into account, albeit indirectly, by the arbitrators in their refusal to award Hutchins an amount for loss of anticipated profits. Such findings, particularly when viewed in the context of the limited scope of judicial review of arbitration proceedings (see 9 U.S.C. § 10; Bernhardt v. Polygraph Co., Inc., 350 U.S. 198, 203–04 n. 4 (1956); Wilko v. Swan, 346 U.S. 427, 436–37 (1973)), should not be disturbed by this Court.

### ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED that the arbitration award rendered in favor of Hutchins Construction Co., Inc., against Conrad Bell, Jr., be and is hereby CONFIRMED.