**KIEWIT/ATKINSON/KENNY, Plaintiff,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 103, AFL–CIO, Defendant.**

**No. CIV. A. 97–12281–GAO.**

United States District Court, D. Massachusetts.

March 25, 1999.

---

Richard D. Wayne, Hinckley, Allen & Snyder, Boston, MA, for Kiewit Atkinson Kenny.

Ira Sills, Segal, Roitman & Coleman, Boston, MA, for International Broth. of Elec. Workers, Local 103, AFL–CIO, Richard W. Reid, Francis Angino.

David J. Hatem, David S. Branch, Burns & Levinson, Boston, MA, ICF Kaiser Engineers Massachusetts, Inc.

Richard Goldstein, Boston, MA, for Massachusetts Water Resources Authority.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

The plaintiff Kiewit/Atkinson/Kenny ("Kiewit"), a joint venture of three construction firms, is a contractor employed by the Massachusetts Water Resources Authority ("MWRA") to perform work on a project known as the Boston Harbor Cleanup Project. Acting through its construction manager, Kaiser Engineers, Inc., the MWRA required Kiewit to agree to a Project Labor Agreement ("PLA"), which in turn incorporated the local multi-employer collective bargaining agreement of the defendant International Brotherhood of Electrical Workers, Local 103, AFL–CIO ("IBEW"). In the present action, Kiewit seeks to vacate an arbitration award in favor of the IBEW, resulting from the arbitration of a labor grievance that arose in the course of the work. In addition, Kiewit seeks a declaration that in the present context the PLA violates the Sherman Anti–Trust Act, 15 U.S.C. § 1 *et seq.*

The IBEW has moved for judgment on the pleadings. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

### Count I: Vacation of the Arbitration Award

Kiewit's claim to vacate the arbitration award is brought under § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. Section 12 of the FAA, 9 U.S.C. § 12, establishes a three-month period of limitations for commencing such claims. It is undisputed that Kiewit filed this action within the three-month limitations period. The IBEW contends, however, that the FAA's limitations period does not apply when the underlying arbitration was required by a labor collective bargaining agreement. Instead, the IBEW argues that the thirty-day limitations period prescribed under the Massachusetts labor relations statutes be applied. *See* Mass. Gen. Laws ch. 150C, §§ 11(b), 12(a). If the state limitations period is utilized, Kiewit's action to vacate the arbitration award is untimely.

Confident resolution of the issue presented is confounded because each side points to support for its position within the body of arguably pertinent circuit precedent. No case is directly on point, however, and the resolution expressed here seems to make the best accommodation to the discrepant teachings of the cases, though it may appear at least partly at odds with some.

In insisting that the Massachusetts statute of limitations should be applied, the IBEW relies chiefly on language from *Posadas de Puerto Rico Assocs. v. Asociacion de Empleados de Casino de Puerto Rico*, 873 F.2d 479 (1st Cir.1989). In *Posadas*, an employer sought to vacate an award that resulted from an arbitration conducted in accordance with a collective bargaining agreement. The employer brought suit in federal district court pur-

suant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, a statute which itself expresses no statute of limitations. In the absence of a prescribed limitations period, the court had to determine what analogous rule ought to be applied. Faced with a choice between borrowing the three-month rule of timeliness from the FAA or the thirty-day rule from "the most suitable [state] statute," the court chose the shorter thirty-day statute of limitations. *Posadas*, 873 F.2d at 480, 484–85. The Court began from the premise that, if a closely analogous state statute could be identified, it was to be utilized unless a federal analog could be found that was "significantly more appropriate." *Id.* at 481 (quoting *Reed v. United Transp. Union*, 488 U.S. 319, 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989); *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). In concluding that the state thirty-day period was proper, the court noted two specific policy considerations that influenced its decision. First, the shorter time period "abet[ted] the speedy adjudication of workplace grievances" arising from collective bargaining disputes, thereby implying that the shorter of alternate possible time periods is generally the preferred one. *Posadas*, 873 F.2d at 483. Second, to "discourage forum-shopping and promote procedural simplicity," the court believed it "wise to ensure that a single rule of timeliness obtains within a single jurisdiction for labor/management challenges to arbitral results, so long as the salutary objectives of federal law are not thereby disserved." *Id.* at 485.

In maintaining that the thirty-day time limit is proper in this case, the IBEW focuses on these policy considerations. The shorter state rule of timeliness is more compatible, it argues, with the federal policy of resolving labor disputes in the most speedy and efficient manner. More-over, the IBEW contends that *Posadas* counsels that there should be a single rule of timeliness for arbitral disputes arising under collective bargaining agreements within a given jurisdiction. Applying the state limitations period would accomplish that purpose.[1]

However, there are some differences between *Posadas* and this case that cannot be ignored. in *Posadas* the action was brought pursuant to the LMRA. Since the LMRA lacked a rule of timeliness, the court was compelled to borrow one from another source. In contrast, Kiewit's suit seeks relief under the FAA. Since the FAA contains its own limitations provision, there is no need to borrow one. *See Rodriguez v. Prudential–Bache Securities, Inc.*, 882 F.Supp. 1202, 1206 (D.P.R.1995) (no need to borrow a statute of limitations when the FAA, the act sued under, provides one).

Here, in order to import a limitations period from some other source, the Court would have to decide that it was free to ignore the FAA's limitations rule. Doing so might plausibly be justified if the FAA did not apply to arbitrations conducted under a collective bargaining agreement, but the First Circuit has recognized on several occasions that arbitration under a collective bargaining agreement may be reviewed under the FAA. *See, e.g., Local Union No. 251 v. Narragansett Improvement Co.*, 503 F.2d 309, 311–12, (1st Cir. 1974) (applying the FAA to a collective bargaining agreement); *Electronics Corp. of Am. v. International Union of Elec., Radio and Mach. Workers, Local 272*, 492 F.2d 1255, 1258 (1st Cir.1974) (stating "[i]n directing the parties to resubmit the issues to arbitration, we act within the scope of the Federal Arbitration Act ... which, we have held, applies to collective bargaining agreements"); *Local 205, United Elec., Radio and Mach. Workers of America v.*

---

1. These principles work harmoniously in tandem when, as in *Posadas* and as would be the case here, the local limitations period is shorter than the federal analog. But when the state limitations period is longer, and therefore permits more delay in bringing the action, the principles directly conflict.

*General Electric Co.,* 233 F.2d 85, 98–100 (1st Cir.1956)(finding the FAA applicable to arbitration actions under collective bargaining agreements), *aff'd on other grounds,* 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957); *cf. Derwin v. General Dynamics Corp.,* 719 F.2d 484, 488 (1st Cir.1983) (noting that the First Circuit applies "aspects of the federal arbitration act to actions involving arbitration awards under collective bargaining agreements").

*Posadas* does contain an *obiter* statement that the FAA "by its terms, is inapplicable to most labor contracts, *see* 9 U.S.C. § 1." 873 F.2d at 482. The cited section of the FAA excludes from the statute's scope arbitrations arising under "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." This statutory language does not in fact appear to exclude "most labor contracts," and the circuit decisions holding the FAA applicable to labor collective bargaining agreements implicitly recognize that it does not. *See Local Union No. 251,* 503 F.2d at 311–12; *Electronics Corp. of Am.,* 492 F.2d at 1258; *Local 205, United Elec., Radio and Mach. Workers of Am.,* 233 F.2d at 98–100. It appears that those cases are still good law in this circuit. More particularly, even if a collective bargaining agreement were a "contract of employment" within the scope of § 1 of the FAA, the agreement must be for "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." Since the one in this case concerns the construction industry, and not "workers engaged in foreign or interstate commerce," such as seamen or railroad workers, the FAA's exclusion is not applicable.

The Court properly has jurisdiction of the plaintiff's action invoking the FAA. Such an action may be brought in a federal court so long as there is an available source of federal jurisdiction: either federal question jurisdiction, 28 U.S.C. § 1331, or diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Here, the plaintiff asserts the latter basis, and from the face of the pleadings, it is apparent that for these parties diversity jurisdiction is proper.

The Court must follow precedent before dicta and policy. In any event, even under the *Posadas* approach, it seems reasonable to conclude that in this case, where the action expressly invokes the FAA, the statute's prescribed statute of limitations is "significantly more appropriate" than any available-to-be-borrowed state limitations rule. Since it is undisputed that Kiewit brought suit within the FAA's statute of limitations, the IBEW's motion for judgment on the pleadings for lack of timeliness is DENIED.

### Count II: The Antitrust Claim

■ The allegations in Count II that the PLA violates the Sherman Anti–Trust Act are vague and wholly conclusory. Apart from asserting that the "portion of the PLA applying the IBEW collective bargaining agreement to [Kiewit] must be declared unlawful as a violation of the Sherman [Anti–Trust] Act, 15 U.S.C. § 1 *et seq.*" (Compl. at 9), the complaint contains no specific allegation of any conduct prohibited under § 1 or any other section of the Sherman Anti–Trust Act. The plaintiff may think its factual allegations clearly demonstrate how the defendant has committed an anti-trust violation, but they do not. A pleader's obligation is to set forth "a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed.R.Civ.P. 8(a)(2) (emphasis added); *see also DM Research, Inc. v. College of Am. Pathologists,* 170 F.3d 53, 55 (1st Cir.1999)(requiring a plaintiff "to allege a *factual* predicate concrete enough to warrant further proceedings") (emphasis in original). Count II does not validly state an anti-trust claim upon which relief may be granted, and as to it, the IBEW's motion for judgment on the pleadings is GRANTED.

It is SO ORDERED.