**WRIGHT–BERNET, INC., Plaintiff,**

**v.**

**AMALGAMATED LOCAL UNION NUMBER 41 et al., Defendants.**

**No. C–1–80–396.**

United States District Court, S. D. Ohio, W. D.

Sept. 15, 1980.

Roger A. Weber, Taft, Stettinius & Hollister, Cincinnati, Ohio, for plaintiff.

Barry J. Levine, J. F. Souders, St. Louis, Mo., for defendants.

SPIEGEL, District Judge:

Plaintiff moved the Court, under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, for an order directing the defendants to join the plaintiff forthwith in selecting an arbitrator for the John Martin grievance and to proceed to arbitration without further delay (doc. 1). A hearing on this motion was held on September 4, 1980. The Court hereby grants plaintiff's motion, but, on plaintiff's suggestion at oral argument, the Court retains jurisdiction over the case for the reasons outlined below.

The facts in this matter are as follows: On April 11, 1980 plaintiff discharged employee John Martin, allegedly because of testimony given by Martin as a witness in a prior arbitration proceeding (doc. 7, p. 3). On April 16, 1980 the Union filed an unfair labor practice charge with the National Labor Relations Board (NLRB) (doc. 7, p. 3). On May 6, 1980 the Union served a written notice of intent to arbitrate the grievance (doc. 1, p. 2), pursuant to the collective bargaining agreement between the parties (Appendix A attached to doc. 1). The Union then requested from the Federal Mediation and Conciliation Service (FMCS) a list of eleven arbitrators, in compliance with the collective bargaining agreement (doc. 1, p. 3).

The NLRB issued a complaint on May 30, 1980, charging the plaintiff company with an unfair labor practice (letter attached to doc. 4). The complaint alleges that the company, after discharging Martin, "threatened an employee that fellow employees would be discharged if they gave testimony concerning matters raised by John Martin at the March 28, 1980 arbitration hearing regarding the discharges of employees Michael Jackson and Carl Glenn" (Exhibit 1 attached to doc. 7).

The Union then refused to join with plaintiff in selecting an arbitrator from the FMCS list. In its answer (doc. 7) to plaintiff's complaint and motion, defendant denied that it was refusing to arbitrate and stated as an affirmative defense that the NLRB had issued a complaint against the company. A hearing on the complaint has been scheduled by the NLRB for January, 1981 (doc. 2, p. 3). Defendant also requested a jury trial on the issue of whether it was refusing to comply with arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 (doc. 7, p. 5). The collective bargaining agreement does not state any time by which a selection from the FMCS list must be made (Appendix A attached to doc. 1).

At the hearing on plaintiff's motion, defendant conceded that it was refusing to arbitrate. The Union maintained, however, that arbitration of this grievance would be impossible, given the company's threats of discharge against employees who might testify for Martin. This, defendant insisted, would make it very difficult for the grievant to obtain witnesses. Defendant argued that section 2 of the Collective Bargaining Agreement (the arbitration section, Appendix A, doc. 1) should be suspended because of the tainted atmosphere produced by plaintiff's threats. The company denied that threats had been made and represented that other grievances were being processed routinely by the parties (affidavit attached to doc. 9). The company also asserted that any procedural matter relating to the time for selection of an arbitrator should be decided by the arbitrator. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

The Court is concerned that witnesses who may testify for the grievant in the arbitration could be subjected to the same retaliatory discharge as the grievant has alleged. Fear of this consequence may make it difficult for the employee to obtain witnesses and assure himself of a fair hearing in the arbitration process. However, as defendant acknowledged at oral argument, it could cite no authority for delaying arbitration pending the NLRB hearing on the unfair labor practice charge. Under the *Steelworkers* trilogy, the District Court's function is limited to determining only whether the claim is arbitrable under the contract. *United Steelworkers v. American*

*Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). There is no dispute as to the arbitrability of this claim.

■ The Board's unfair labor practice jurisdiction does not preempt arbitral jurisdiction. *Carey v. Westinghouse,* 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). *Smith v. Evening News Association,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Should the Board disagree with the arbitrator, the Board's ruling would take precedence. *Carey, supra,* 375 U.S. at 272, 84 S.Ct. at 409.

Even where the Board had issued a complaint before the parties began to conduct arbitration procedures, courts have ordered arbitration to proceed. *United Aircraft v. Canel Lodge No. 700, IAM,* 436 F.2d 1 (2d Cir. 1970), cert. denied, 402 U.S. 908, 91 S.Ct. 1381, 28 L.Ed.2d 649; *United Steelworkers v. American International Aluminum,* 334 F.2d 147 (5th Cir. 1964), cert. denied, 379 U.S. 991, 85 S.Ct. 702, 13 L.Ed.2d 611. Arbitration has been ordered where the parties were in receipt of a letter from the NLRB saying that a complaint would issue. *Local 12934, UMW v. Dow Corning Corp.,* 459 F.2d 221 (6th Cir. 1972).

■ The Court remains concerned that the grievant may be unable to secure a fair arbitration hearing if other employees fear retaliation from the company. Although an arbitration hearing is an informal procedure where rules of evidence need not prevail, this does not preclude the need for fundamental fairness in the hearing. It is axiomatic, as noted in the Labor Relations Expediter, that all parties to an arbitration hearing must be given an opportunity to be heard, which implies the right to receive notice of the hearing. Parties must be allowed to present evidence without unreasonable restriction and without fear of re-

taliation or intimidation and must be allowed to confront and cross–examine witnesses (LRX § 7, p. 20 (BNA 1972)). Parties have the right to assume that they will be able to present all their material evidence and that the arbitrator will inquire, before closing the hearing, whether they have any other witnesses or other evidence to offer. *Harvey Aluminum v. United Steelworkers of America,* 263 F.Supp. 488, 492 (C.D.Cal.1967). "If employers and unions concerned are to engage in agreements providing for arbitration, they must have complete confidence in the proceeding." *Id.,* at 495.

At the oral argument, plaintiff's counsel suggested that this Court retain jurisdiction over the case. The Fifth Circuit Court of Appeals has observed that "the issuance of a mandatory injunction to proceed with arbitration is not necessarily the end of it. This being an equitable proceeding, the trial court should retain jurisdiction over the case so long as reasonably required." *United Steelworkers of America v. American International Aluminum Corp.,* 334 F.2d 147, 152 (5th Cir. 1964), cert. denied, 379 U.S. 991, 85 S.Ct. 702, 13 L.Ed.2d 611. It has been held, where an unfair labor practice is involved in the arbitration, that the District Court should retain jurisdiction until the NLRB has acted. *Local Union No. 1055, IBEW v. Gulf Power Co.,* 175 F.Supp. 315, 318 (N.D.Fla.1959). Similarly, it has been held that "if the court acquires jurisdiction in the first instance, . . . it retains jurisdiction to dispose of all questions properly brought before the Court." *Local 1104, IUE v. Wagner Electric Corp.,* 109 F.Supp. 675 (E.D.Mo.1951).

This Court therefore will retain jurisdiction in order to entertain any complaints of intimidation with regard to the grievant's efforts to obtain witnesses for the arbitration hearing as well as any complaints of retaliation, threatened or actual, against such witnesses. Subject to the foregoing, plaintiff's motion for an order directing defendants to join in selecting an arbitrator

and to proceed to arbitration without further delay is granted.

So ordered.