**PORTMAN OVERSEAS MANAGEMENT CORPORATION and PORTMAN OVERSEAS MARKETING LTD., Plaintiffs,**

v.

**SEACLIFF LIMITED, Defendant.**

**No. CIVA101CV473TWT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 16, 2001.

John J. Dalton, Herbert Dale Shellhouse, Troutman Sanders, Atlanta, GA, for Plaintiffs.

Robert B. Remar, Daniel D. Zegura, Daniel Adam Cohen, Rogers & Hardin, Atlanta, GA, Hyman L. Schaffer, phv, Arkin Kaplan & Cohen, New York City, for Defendant.

## ORDER

THRASH, District Judge.

This is an action in which Plaintiffs sought to prevent their removal and replacement as managers of Shanghai Center in Shanghai, China. Plaintiffs sought to have the Court restrain the Defendant from replacing Portman as manager of the property pending the commencement of arbitration proceedings. It is before the Court on the Suggestion of Mootness and Motion to Dismiss [Doc. 17 & 19]. The action was filed on February 20, 2001. On February 21, 2001, the Court granted the Plaintiffs' Motion for a Temporary Restraining Order [Doc. 2]. On March 1, 2001, the Court held a hearing and vacated the Temporary Restraining Order and denied the Plaintiffs' Motion for a Preliminary Injunction [Doc. 5]. It is undisputed that Portman has been removed and replaced as manager of the property and that the arbitration proceeding is ongoing. The Defendant contends that the action is now moot and should be dismissed. Plaintiffs contend that the Court may retain jurisdiction in aid of the arbitration proceeding. They oppose dismissal and suggest that the Court close the file administratively, leaving open the possibility of reopening it if necessary to aid in the arbitration proceedings.

It is well-settled that the exercise of federal court jurisdiction depends on the existence of a "case or controversy" and a federal court has no authority to

give opinions on moot questions or abstract propositions. *John Roe, Inc. v. United States,* 142 F.3d 1416, 1420–21 (11th Cir.1998) (citing *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), and *Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)). The Constitution's "case or controversy" requirement "mandates that the case be viable at all stages of the litigation; it is not sufficient that the controversy was live only at its inception." *Brooks v. Georgia State Bd. Of Elections,* 59 F.3d 1114, 1119 (11th Cir.1995) (citation and quotations omitted). A case is rendered moot when events occurring after the commencement of a lawsuit "create a situation in which the court can no longer give the plaintiff meaningful relief." *Jews For Jesus, Inc. v. Hillsborough County Aviation Auth.,* 162 F.3d 627, 629 (11th Cir.1998). In other words, a case becomes moot when the issues presented are no longer "live" or when the parties lack a legally cognizable interest in the outcome. *Atlanta Gas Light Co. v. FERC,* 140 F.3d 1392, 1401 (11th Cir.1998) (citing *Powell v. McCormack,* 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

In the Management Agreement, the parties agreed to submit any disputes to arbitration. In their Complaint, the Plaintiffs sought temporary relief staying their termination until the arbitration panel was fully constituted. After hearing from the parties, the Court denied that relief. Defendant contends that this action is now moot. It relies upon cases such as *Cole v. National Collegiate Athletic Ass'n.,* 120 F.Supp.2d 1060 (N.D.Ga.2000) (student's ADA suit seeking declaratory and injunctive relief requiring college athletic association to allow him to participate in intercollegiate athletics and to receive athletics-related financial aid was rendered moot, where association declared student partial-qualifier after he resubmitted his application, student was allowed to practice with his team during his freshman year, student's freshman season had ended, and student was allowed to compete with team for remainder of his college eligibility without restrictions). Plaintiffs distinguish the cases relied upon by Defendant on the grounds that they are not arbitration cases. They rely upon cases such as *Wright–Bernet, Inc. v. Amalgamated Local Union No. 41,* 501 F.Supp. 72 (S.D.Ohio 1980) in which the court granted a motion to compel arbitration and then retained jurisdiction indefinitely to aid in the proceeding. Plaintiffs contend that maintaining this case in an inactive status will have a "salutary effect" on the arbitration process. They also point out that it would be inefficient and time consuming to have to refile this action and effectuate service in Hong Kong if the need should arise for Portman to seek judicial intervention in connection with any aspect of the arbitration proceeding.

■ In this case, the Court has denied the only relief sought by the Plaintiffs. There is nothing left to adjudicate. This is not a case where judicial intervention was required to compel arbitration. The Court is sympathetic to the Plaintiffs' argument that it would be inefficient and time consuming to have to refile this action and effectuate service again in Hong Kong. Nevertheless, the case law is clear that the Court cannot exercise jurisdiction for the convenience of the parties. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Atlanta Gas Light Co. v. FERC,* 140 F.3d 1392, 1404 (11th Cir.1998) (quoting

*Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998)). This action is moot and the Court, therefore, has no jurisdiction to continue it in an inactive status. The Defendant's Motions to Dismiss [Doc. 17 & 19] are GRANTED. The Clerk is directed to enter judgment in favor of the Defendant, all parties to bear their own costs.