Colón Birriel Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Florida Store, Inc. (la “peticionaria”) solicita la revocación de una decisión del Departamento del Trabajo y Recursos Humanos, Oficina del Secretario (Hon. Lucila M. Vázquez Iñigo, Jueza Administrativa) emitida el 4 de agosto de 2003 y notificada el 5 de ese mes y año. El dictamen confirmó la Resolución del árbitro (Bélgica Rivera Aponte) emitida el 6 de junio de 2003, revocando una determinación previa del Negociado de Seguridad de Empleo del referido Departamento, determinando que Dolores Bermudez Viruet, la reclamante recurrida (la recurrida), era inelegible a los beneficios de seguro por desempleo a tenor con la Ley de Seguridad de Empleo de Puerto Rico. Por error involuntario, en el dictamen se expresó que la recurrida era inelegible a los beneficios, cuando debió haberse expresado, que sí lo era. En consideración a lo cual, el 12 de agosto de 2003, la determinación fue corregida mediante Fe de Errata, expresándose que la recurrida era elegible a los beneficios de seguro por desempleo a tenor con la Ley de Seguridad de Empleo de Puerto Rico, Ley Núm. 74 de 21 de junio de 1956, según enmendada, 29 L.P.R.A. § 701-717.
II
Surge de los escritos que la recurrida trabajó con la peticionaria hasta el 12 de marzo de 2003, durante aproximadamente seis (6) años en calidad de cajera vendedora. La peticionaria despidió a la recurrida, imputándole violar la política de la compañía en un incidente iniciado por una compañera de trabajo, en el cual hubo agresión física y verbal en el área del trabajo. El 6 de abril de 2003, la recurrida presentó ante la División de Seguro Por Desempleo del Negociado de Seguridad de Empleo del Departamento del Trabajo y Recursos Humanos (Negociado), una reclamación de beneficios por desempleo. Posteriormente, el 1ro. de mayo de 2003, el Negociado determinó que la recurrida era inelegible para recibir los beneficios, por haber sido despedida de su trabajo por conducta incorrecta (estar involucrada en una agresión física en el área de trabajo durante horas *990 laborables).
Inconforme, el 14 de mayo de 2003, la recurrida solicitó audiencia ante el árbitro, celebrándose ésta el 6 de junio de 2003. Como hemos informado, mediante resolución de esa fecha, 6 de junio de 2003, Bélgica Rivera Aponte (árbitro) revocó la decisión del Negociado y determinó que la recurrida era elegible para recibir los beneficios del desempleo.
Inconforme, la peticionaria presentó oportunamente un escrito titulado Escrito de Apelación ante la oficina del Secretario del Trabajo y Recursos Humanos, impugnando la determinación del árbitro. Así las cosas, mediante decisión del Departamento del Trabajo y Recursos Humanos, Oficina del Secretario (Hon. Lucila M. Vázquez Iñigo, Jueza Administrativa) del 4 de agosto de 2003, corregida posteriormente, se confirmó la decisión del árbitro de 6 de junio de 2003, determinando que la recurrida era elegible para recibir los beneficios del desempleo.
Ante esta determinación, la peticionaria en su recurso señala los siguientes errores:

“Primer error:

Erró la Honorable Jueza Administrativa al determinar que la reclamante-recurrida no incurrió en conducta incorrecta en su trabajo.

Segundo error:

Erró la Honorable Jueza Administrativa al determinar que la evidencia presentada por el patrono era prueba de referencia.”

El pasado 16 de octubre de 2003 emitimos Resolución en la que le concedimos a los recurridos Dolores Bermudez Viruet, Administración del Derecho al Trabajo y Recursos Humanos (Oficina del Secretario), diez (10) días para mostrar causa por la cual no debíamos revocar la decisión emitida de 4 de agosto de 2004, declarando a la recurrida Dolores Bermúdez Viruet elegible para recibir los beneficios de seguro por desempleo a tenor con la Ley de Seguridad de Empleo de Puerto Rico. Transcurrido más de dos (2) meses, sin que los concernidos hayan comparecido, resolvemos sin el beneficio de su comparecencia.
III
Por estar los errores señalados íntimamente relacionados, los consideraremos en conjunto.
La Ley de Seguridad de Empleo de Puerto Rico dispone en su sección 4(b)(3), 29 L.P.R.A § 704(b)(3) que un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director (Director del Negociado de Seguridad de Empleo en el Departamento del Trabajo y Recursos Humanos de Puerto Rico) determine que fue despedido o suspendido por conducta incorrecta en relación con su trabajo. (Enfasis suplido)
En Torres Solano v. P.R.T.C., 127 D.P.R. 499, 515-516 (1990), nuestro Tribunal Supremo expresó que:
“[E]l efecto directo de una agresión a un compañero de trabajo es el daño físico, la humillación y el menosprecio de la dignidad humana del agredido. Además puede causar daños directos a la propiedad de la agencia, así como distraer la atención de los demás compañeros de labores. En la cadena de eventos directos detiene así la continuidad y regularidad en la prestación de servicios en menoscabo de la eficiencia y productividad de la agencia. ”
*991 En el caso se determinó, además, que la agresión a un compañero de trabajo durante horas laborables y en los predios de la agencia es causa justificada para el despido, aun cuando sea la primera falta del empleado; que una agresión física de un empleado contra otro, afecta el ambiente de tranquilidad, paz, seguridad y armonía en el cual deben laborar los demás empleados y el cual el patrono debe asegurar a éstos; y que ello crea un ambiente de aprehensión en las relaciones interpersonales del grupo de trabajo, desmoraliza el trabajo en equipo y anula la motivación y el espíritu de servicio. Añadió nuestro alto foro que la violencia en la sociedad atenta contra los propios principios fundamentales de sana convivencia social, respecto al prójimo, a su dignidad y a su autoestima. El lugar del trabajo, sea éste público o privado, no puede estar exento de la aplicación de estos principios básicos de convivencia humana.
En el caso ante nuestra consideración, surge de los autos que el despido de la recurrida ocurrió luego de una pelea que tuvo con otra de sus compañeras en el lugar de trabajo. Si bien es cierto que durante la vista administrativa no pudo determinarse quién de las personas envueltas en el incidente agredió primero, no es menos cierto que ambas personas fueron despedidas de inmediato de sus trabajos por conducta incorrecta e inapropiada, por lo que conforme a la Ley de Seguridad de Empleo de Puerto Rico, la recurrida no es elegible para el beneficio por desempleo.
En su segundo señalamiento, la peticionaria alega que erró la Honorable Jueza Administrativa al determinar que la evidencia presentada por el patrono era prueba de referencia.
Como regla general, las Reglas de Evidencia y de Procedimiento Civil no son de aplicación automática en los procedimientos ante agencias administrativas. No obstante, las agencias podrán adoptar aquellas reglas que no sean incompatibles con la flexibilidad del proceso administrativo.
En Junta v. Autoridad de Comunicaciones, 110 D.P.R. 879, 884 (1981), nuestro Tribunal Supremo concluyó que el propósito principal en todo proceso adjudicativo, sea de naturaleza judicial, administrativa o de cualquier índole, es el hallar la verdad y hacer justicia a las partes. Las reglas procesales y en particular las de evidencia, persiguen viabilizar ese propósito, no obstaculizarlo. La norma expresada en la Regla 2 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, respecto a que sus disposiciones se interpretarán por los tribunales flexiblemente y de forma que garanticen una solución justa, rápida y económica a cualquier problema evidenciarlo, debe ser interpretada aún más liberalmente cuando de aplicar el derecho probatorio a los procesos administrativos se trata. Tal interpretación debe facilitar el que todo aquello que sea pertinente a una controversia tenga acceso al conocimiento del juzgador.
En López Vives v. Policía de Puerto Rico, 118 D.P.R. 219, 231 (1987), nuestro Tribunal Supremo determinó que:
“[...][U]na parte afectada tiene derecho a presentar toda la prueba necesaria para sostener su reclamo, así como refutar oralmente o por escrito la evidencia sometida en su contra. Para facilitar la presentación de prueba en los procedimientos administrativos, los tribunales no han requerido la aplicación de las Reglas de Evidencia. Regla 1 de Evidencia. La razón de ser de la norma que postula la no aplicación de las reglas procesales y de evidencia de los tribunales a los procedimientos administrativos es para evitar "las trabas procesales de los tribunales de justicia". El proceso administrativo debe ser ágil y sencillo, que propicie su uso eficiente por parte de las personas legas. ” (Citas omitidas)
Lo antes señalado nos lleva a la forzosa conclusión de que el error señalado se cometió, pues el testimonio del Sr. Juan Santiago, así como su informe, revelan que hubo un incidente en el lugar de trabajo constitutivo de conducta impropia, lo que conforme a la ley, como señaláramos en la discusión del primer error, es motivo para la privación de los beneficios por desempleo.
*992 En mérito a lo expresado, se expide el auto solicitado y se revoca la resolución recurrida.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General