ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FINANCE OF AMERICA REVERSE, LLC,<br><br>Apelada,<br><br>v.<br><br>SUCESIÓN DE BALBINO ORTIZ MELÉNDEZ t/c/c BALBINO ORTIZ, compuesta por **WANDA ORTIZ ROSARIO**, PAUL STEFAN RAMÍREZ ORTIZ, MARÍA DE LOURDES ORTIZ MARTELLY FULANO DE TAL, como posible heredero desconocido con interés en la sucesión; SUCESIÓN DE MARÍA JESÚS ROSARIO VARGAS t/c/c MARÍA DE JESÚS ROSARIO VARGAS t/c/c MARÍA J. ROSARIO VARGAS t/c/c MARÍA ROSARIO VARGAS t/c/c MARÍA JESÚS ROSARIO t/c/c MARÍA DE JESÚS ROSARIO t/c/c MARÍA J. ROSARIO t/c/c MARÍA ROSARIO, compuesta por **WANDA ORTIZ ROSARIO**; ESTADOS UNIDOS DE AMÉRICA; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM),<br><br>Apelante. | TA2025AP00281 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Carolina.<br><br>Civil núm.: CA2019CV03829.<br><br>Sobre: ejecución de hipoteca. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

La controversia que atendemos en este recurso gira en torno a la aplicación de la Regla 4.3(b) de Procedimiento Civil, 32 LPRA Ap. V, y la norma que, a partir de *Bernier González v. Rodríguez* Becerra, 200 DPR 637 (2018), y su progenie, establece que el término para diligenciar los

emplazamientos expedidos por la Secretaría del foro primario no es prorrogable. En particular, atendemos el efecto que una segunda desestimación de una causa de acción – la primera, por falta de trámite y conforme a la Regla 39.2(b) de Procedimiento Civil; la segunda, por incumplimiento con el término improrrogable de 120 días que manda la Regla 4.3(b) - conlleva para la parte demandante.

La postura propuesta por la parte apelante es a los efectos de que esta segunda desestimación debe ser dictada con perjuicio. Discrepamos.

Así pues, evaluado el escrito de apelación y su apéndice, así como la oposición de la parte apelada, este Tribunal concluye que el foro primario no erró y dictó correctamente la sentencia desestimatoria sin perjuicio, por lo que confirmamos la misma.

I

El caso ante el Tribunal de Primera Instancia, Sala Superior de Carolina, inició como una acción de ejecución de hipoteca contra los señores **Balbino Ortiz Meléndez y María Jesús Rosario Vargas**, y con relación al inmueble ubicado en la Urb. Valle Arriba Heights Dev., Calle 124, BW-19, Carolina, PR. Tanto el pagaré hipotecario como la escritura de constitución de hipoteca fueron suscritas el **27 de enero de 2014**[1]**.**

La demanda fue instada por Finance of America Reverse, LLC (Finance), tenedor de buena fe del pagaré hipotecario, el **30 de septiembre de 2019**, en el caso civil CA2019CV3829. En esa misma fecha, Finance solicitó se expidieran los emplazamientos correspondientes[2]; no solicitó que los emplazamientos fueran diligenciados por edicto, a pesar de consignar que el señor Balbino Ortiz había fallecido el **30 de mayo de 2015**, y la señora María J. Rosario, el **15 de junio de 2019**. También, reconoció que desconocía el nombre de los componentes de ambas sucesiones.

---

[1] *Véase*, apéndice del recurso, entrada 1, SUMAC TA.

[2] *Véase*, entrada 2, SUMAC TPI. Dada la complejidad de los trámites procesales del caso, consultamos las entradas correspondientes al SUMAC de la acción civil CA2019CV03829.

Los emplazamientos fueron expedidos por la Secretaría el **7 de octubre de 2019**[3]. El **10 de octubre de 2019**, el foro primario emitió una orden en la que redujo el término para diligenciar los emplazamientos a 60 días[4].

El **15 de noviembre de 2019**, Finance solicitó que se ordenara el emplazamiento por edicto de ambas sucesiones[5]. Ante la ausencia de la orden correspondiente, el **17 de diciembre de 2019**, Finance reiteró su solicitud. En esta ocasión, el tribunal primario autorizó el emplazamiento por edicto el **17 de enero de 2020, notificado el 24 de enero**[6], y publicado el 28 de enero de 2020.

Luego, y a la luz de la moratoria decretada en los casos de cobro durante la pandemia del Covid-19, el caso fue paralizado.

Decretada la reapertura del caso, e incumplida la orden de mostrar causa a esos efectos, el **26 de octubre de 2021**, el tribunal dictó sentencia y desestimó sin perjuicio la demanda por inactividad; ello, conforme a la Regla 39.2(b) de las de Procedimiento Civil, 32 LPRA Ap. V.

Si bien Finance solicitó la reconsideración de esa sentencia, la cual fue denegada, el **7 de diciembre de 2021**, Finance solicitó el relevo de la sentencia y, con la oposición de la apelante, el **27 de enero de 2022**, el **foro primario acogió la solicitud de relevo de sentencia y ordenó la continuación de los procedimientos**.

Un año más tarde, allá para el **16 de enero de 2023**, Finance presentó una demanda enmendada[7]. El **31 de enero de 2023**, el tribunal expidió los emplazamientos correspondientes[8]. No obstante, el **2 de mayo de 2023**, Finance solicitó que se ordenase el emplazamiento por edicto. En

---

[3] *Véase*, entradas 4 y 5, SUMAC TPI.

[4] *Íd.*, entrada 6.

[5] *Íd.*, entrada 7.

[6] *Íd.*, entrada 12.

[7] *Íd.*, entrada 68.

[8] *Íd.*, entrada 71.

esa misma fecha, notificada al día siguiente, el tribunal autorizó el emplazamiento por edicto[9], el cual fue publicado el 15 de junio de 2023.

Luego, el **19 de julio de 2024**, Finance presentó una segunda demanda enmendada y presentó los emplazamientos correspondientes[10].

Los emplazamientos no fueron expedidos. En su lugar, el foro primario emitió una orden el **22 de julio de 2024**, mediante la cual solicitó que se aclarase la inclusión en la segunda demanda enmendada de varias personas y su relación con la propiedad objeto de ejecución[11].

Tras varios trámites procesales, que incluyeron las repetidas solicitudes de Finance para que se expidieran los emplazamientos relacionados con su segunda demanda enmendada[12], el **8 de noviembre de 2024**, tribunal ordenó que Finance volviera a someter los proyectos de emplazamiento[13], lo que fue cumplido el 13 de noviembre de 2024; no obstante, los emplazamientos no fueron expedidos.

El **3 de septiembre de 2024**, el foro primario citó a una vista para discutir, entre otros, el asunto de los emplazamientos[14]. Esta se celebró finalmente el **15 de noviembre de 2024**[15].

El **12 de marzo de 2025**, notificada el 17 de marzo, el tribunal dictó sentencia, mediante la cual desestimó la demanda por haberse incumplido con el diligenciamiento de los emplazamientos en el término de 120 días que manda la Regla 4.3(c) y la jurisprudencia que la interpreta[16].

El **15 de abril de 2025**, notificada el 21 de abril, el tribunal acogió la solicitud de Finance del 2 de abril, y aclaró que la sentencia desestimatoria se dictaba **sin perjuicio**.

---

[9] *Véase*, entrada 47, SUMAC TPI.

[10] *Íd.*, entradas 99 y 100.

[11] *Íd.*, entrada 101.

[12] *Íd.*, entradas 106, 111, 115 y 117.

[13] *Íd.*, entrada 116.

[14] *Íd.*, entrada 108.

[15] *Íd.*, entrada 118 (*Minuta* de la vista celebrada el 15 de noviembre de 2024).

[16] El foro primario ya había adelantado su postura al respecto en la vista celebrada el 15 de noviembre de 2024. *Íd.*

Inconforme, el 21 de abril de 2025, la señora Wanda Ortiz Rosario (señora Ortiz o apelante) solicitó que la desestimación fuera con perjuicio.

Finalmente, mediante la resolución dictada el **17 de agosto de 2025**, notificada el 18 de agosto, el tribunal reiteró que la desestimación decretada era sin perjuicio.

Aún inconforme, la señora Ortiz instó este recurso el 25 de agosto de 2025, en el que, como único error, planteó que el foro primario debió haber desestimado la demanda con perjuicio. Valga apuntar que, más allá de las alegaciones sobre la falta de diligencia de la parte apelada durante la tramitación del caso, la apelante no articula fundamento jurídico alguno que apoye su contención de que el caso debe ser desestimado con perjuicio.

Por su parte, Finance compareció el 19 de septiembre de 2025, y se opuso a lo peticionado por la señora Ortiz.

II

A

Nuestro ordenamiento jurídico ha establecido que las Reglas de Procedimiento Civil se interpretarán de manera que se garantice la búsqueda de la verdad de forma justa, rápida y económica. *JRT v. Autoridad de Comunicaciones*, 110 DPR 879, 884 (1981).

Cónsono con ello, la Regla 39.2(b) de Procedimiento Civil establece la facultad discrecional de los tribunales para desestimar una demanda cuando no se ha cumplido con las referidas Reglas o con cualquier orden emitida por el tribunal. En específico, la regla antes citada dispone lo siguiente:

.        .        .        .        .        .        .        .

> El tribunal **ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses**, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

> El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada,

> requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse.
>
> .        .        .        .        .        .        .        .        .

32 LPRA Ap. V. (Énfasis nuestro).

Así pues, si un tribunal estima que las actuaciones de una parte involucrada en un pleito están entorpeciendo los procedimientos, tiene amplia facultad para prohibir, sancionar o castigar este tipo de conducta o actitud. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 930 (1996). Ello responde al hecho de que "[c]omo regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia e incumplimiento con las órdenes del tribunal mediante su efectiva, pronta y oportuna intervención". *Mejías et als. v. Carrasquillo et als.*, 185 DPR 288, 298 (2012).

A su vez, el Tribunal Supremo de Puerto Rico ha expresado que, a pesar de que la sanción de desestimación por falta de diligencia no se favorece, será una sanción justa y correcta en aquellos casos extremos de clara e injustificada falta de diligencia. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 724 (2009); *Dávila Mundo v. Hospital San Miguel*, 117 DPR 807 (1986).

De otra parte, es harto conocida la política judicial de que los casos se ventilen en los méritos, toda vez que existe un importante interés de que todo litigante tenga su día en corte y que las partes no sean perjudicadas por los actos u omisiones de sus abogados. *Rivera et als. v. Superior Pkg., Inc. et als.*, 132 DPR 115, 124 (1992). No obstante, el Tribunal Supremo de Puerto Rico ha expresado que "una parte no tiene derecho a que su caso tenga vida eterna en los tribunales, manteniendo así a la otra parte en constante estado de incertidumbre". *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 202-203 (2012); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 369 (2003). Con relación a esto, se debe considerar el efecto de la demora en la resolución de los pleitos en los tribunales y el efecto adverso que puede tener en la administración de la justicia. *Colón Rivera v. Wyeth Pharm.*, 184 DPR, a la pág. 203.

B

El emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado, a fin de que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017). Así pues, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. *Íd.*

En nuestro ordenamiento jurídico, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, regula la figura del emplazamiento. Ahora bien, la controversia ante nos gira en torno al término para diligenciar los emplazamientos. En específico, la Regla 4.3(c) de las de Procedimiento Civil establece lo siguiente:

> **El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. **Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos**.

32 LPRA Ap. V. (Énfasis nuestro).

De la regla antes esbozada se desprende, entre otras cosas, el término que tiene el demandante para emplazar y el momento en que empieza a transcurrir dicho término.

Ahora bien, si la Secretaría del Tribunal de Primera Instancia no expidiera los emplazamientos el mismo día en que se presentó la demanda junto a los formularios de emplazamiento, la Regla 4.3(c) de Procedimiento Civil establece que el tiempo que se haya demorado la Secretaría será el mismo tiempo adicional que el tribunal otorgará para gestionar el

diligenciamiento. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018).

De otra parte, el Tribunal Supremo aclaró que si Secretaría se demora en expedir los emplazamientos, el tiempo adicional que otorgarán los tribunales para diligenciar los mismos no debe considerarse como una prórroga. "Más bien, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez el tribunal expide el emplazamiento, comenzará a transcurrir el término de 120 días." *Íd.*, a la pág. 650. En otras palabras, la parte nunca contará con más de 120 días para diligenciar el emplazamiento. Por tanto, de una parte litigante no cumplir con el término provisto en la referida regla para diligenciar el emplazamiento, **procederá desestimar la demanda sin perjuicio**.

Por otro lado, a modo de excepción, en el caso que la entrega personal no pueda efectuarse, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, establece lo pertinente al emplazamiento por edicto. Este tipo de emplazamiento procede cuando la persona a ser emplazada no se encuentra en Puerto Rico o, estando en Puerto Rico, no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, entre otros.

Así pues, para que un tribunal ordene emplazar por edicto es necesaria la presentación de una declaración jurada que exprese las diligencias realizadas para localizar a la persona a ser emplazada, y que aparezca de la declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio.

En cuanto al término para emplazar mediante la publicación de edicto, el Tribunal Supremo, en consonancia con lo establecido previamente en *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018), concluyó que la solicitud para ello tiene que realizarse dentro del término de 120 días original. Una vez autorizado el emplazamiento por edicto por el foro primario, comenzará un nuevo término de 120 días para

culminar el trámite del emplazamiento por edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 994 (2020).

III

Como poco, el trámite seguido ante el foro primario en este caso ha sido azaroso y complicado. La parte apelada no prosiguió el mismo con la diligencia y la constancia que ameritaba; por su parte, el foro primario tampoco atendió con prontitud y rigurosidad las controversias que tenía ante sí[17]; y, en cuanto a la parte apelante, su conducta judicial tampoco contribuyó a la atención eficaz del caso. Todo ello, sin embargo y de por sí, no conlleva la desestimación con perjuicio de la demanda instada por Finance.

Si bien la demanda fue desestimada inicialmente por falta de trámite y conforme a la Regla 39.2(b) de Procedimiento Civil[18], en la segunda ocasión en que el tribunal primario desestimó la misma, lo hizo en virtud de la Regla 4.3(c) de Procedimiento Civil. Esta última claramente indica que una **segunda desestimación por motivo del exceso del término de 120 días para emplazar conllevará la desestimación del pleito con perjuicio**. Ese es el único escenario en que la desestimación del pleito al amparo de la Regla 4.3(c) se hará con perjuicio.

Es evidente que esta no es la situación que se plantea en este caso. No existe fundamento jurídico alguno – y la parte apelante tampoco lo pudo articular – que justifique la desestimación con perjuicio de la acción instada. Aunque podríamos simpatizar con la postura de la parte apelante en cuanto a la falta de diligencia y la demora en la tramitación del caso, no podemos suscribir su teoría de que las circunstancias particulares de esta acción conlleven la desestimación con perjuicio de la misma.

---

[17] En la descripción que hemos hecho de los trámites ante el foro primario hemos omitido mociones, oposiciones, réplicas y dúplicas, así como omisiones en el manejo del caso ante el foro primario, pues no resultaban pertinentes a la controversia que nos corresponde resolver. No obstante, llama la atención la gran cantidad de entradas en el SUMAC de asuntos que debieron haber sido manejados con mayor rigor, tanto por el tribunal, como por ambas partes litigantes.

[18] Recordemos que esta sentencia fue dejada sin efecto, por lo que el tribunal ordenó la continuación de los procedimientos.

IV

Por los fundamentos antes consignados, este Tribunal **confirma** la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, que desestimó sin perjuicio la demanda instada en este caso.

El juez Sánchez Ramos emite voto de conformidad y subraya que no estamos ante una segunda demanda que fue desestimada luego de que una primera demanda también fuese desestimada. Se trata de una demanda, desestimada dos veces en atención a que la primera desestimación fue luego dejada sin efecto por el propio tribunal. Lo relacionado con el efecto de segundas desestimaciones presupone una demanda desestimada, de forma final y firme, seguida de una segunda, y distinta, demanda, también desestimada. Esa no es la situación aquí.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones